IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOAN LELA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18 C 4058 |
| | ) |
| SHERIFF TOM DART, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION TO STRIKE PLAINTIFF'S RULE 26(a)(2) DISCLOSURES

Ioan Lela has sued Cook County Sheriff Thomas Dart and other Sheriff's personnel, alleging that they violated his constitutional rights while he was incarcerated as a pretrial detainee in Division 11 of the Cook County Jail. Mr. Lela's claim involves allegedly inadequate ventilation and maintenance of the HVAC system, which he says caused him harm from having to breathe contaminated air.

The Court recruited counsel to represent Mr. Lela, but ultimately he terminated counsel's services and elected to proceed *pro se*. Fact discovery has been completed. The Court set a deadline of November 22, 2023 for Mr. Lela to serve expert witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). Mr. Lela served a Rule 26(a)(2) disclosure just after the deadline, regarding a proposed expert named James Pancratz.

The defendants have moved to strike Mr. Lela's Rule 26(a)(2) disclosure on various grounds. In response, but without leave of court, Mr. Lela filed on January 11, 2024 an amended Rule 26(a)(2) disclosure by Mr. Pancratz, presumably to attempt to

address some of the defendants' objections. Defendants then moved to strike the amended disclosure as untimely.

The Court strikes both the original and the amended Rule 26(a)(2) disclosure for the reasons stated below.

**1.      Summary of the original and amended Rule 26(a)(2) disclosures**

Mr. Lela's Rule 26(a)(2) disclosures identify as an expert James Pancratz, a retired trial lawyer. The disclosure and the amended disclosure list, as Mr. Pancratz's relevant background and experience, his representation of clients in various cases and his activity lecturing on various topics at conferences for attorneys. The original Rule 26(a)(2) disclosure identifies the following opinions by Mr. Pancratz:

- Mr. Lela's punitive damage claim "is legally and factually justified due to well-documented and longstanding reckless disregard of Plaintiff's well-settled Constitutional right to proper ventilation and air quality . . ., as well as the Defendants' well-documented intentional efforts to conceal their said longstanding and flagrant misconduct." Dkt. no. 142 at 2-3.

- "Plaintiff's requested punitive damages are legally appropriate as an effective deterrence of similar future gov't misconduct AND/OR as punishment for the magnitude of potential serious harm to hundreds of other Cook County Jail inmates that the Defendants' said flagrant and longstanding misconduct could have caused from 2016 through 2021, particularly during the COVID-19 era . . . ." *Id.* at 3.

- "[T]he requested punitive damages, as outlined in Plaintiff's Pre-Trial Memorandum against Defendant Thomas Dart, individually, will not cause a

2

financial hardship for him; since his reported net worth is $5 million. Likewise, the requested punitive damages against Defendant Deputy Director Michael Carberry, individually, will not cause a financial hardship to him; since he has a reported early salary of about $150,000 since 2018." *Id.*

- Mr. Pancratz also offers opinions that certain medical or scientific articles "are 'Learned Treatises' under FRCP [sic] Rule 803(18), and therefore, constitute as substantive evidentiary proof of causation for Plaintiff's medical injuries . . . ." *Id.* at 4.

The Court notes that Mr. Lela's proposed amended Rule 26(a)(2) disclosure, which he filed about six weeks after the court-imposed deadline, expands on these opinions somewhat. The Court summarizes the "opinions" section of the proposed amended report as follows:

- An agreed order entered into in 2010 as part of the federal government's lawsuit against the Sheriff required the Cook County Department of Corrections to implement written standards to ensure proper routine cleaning of inmate housing areas and to notify the Department of Facilities Management (DFM) of routine and emergency needs, including ventilation problems. The agreed order specifically required DFM to "ensure adequate ventilation throughout the Cook County jail" and to review and assess compliance regularly. Dkt. no. 148 at 7.
- A report by the court-appointed monitor in the same lawsuit by the federal government reported lack of compliance with this ventilation-related mandate for various dates in December 2016. *Id.*
- DFM's website admits that Deputy Director Carberry is responsible for

3

- compliance with the agreed order as it relates to ventilation in the jail and to ensure compliance with standards regarding supplying fresh air to inmates at the jail. *Id.* at 7-8.
- Judge Robert Dow issued an opinion in October 2017 citing Sheriff Dart and DFM for failure to provide adequate ventilation for various periods in 2015 and 2016. *Id.* at 8.
- The record (i.e. certain deposition testimony) reflects that air quality testing has never been done in the jail, nor has there been any cleaning of HVAC vents in divisions 10 and 11, which amounts to willful noncompliance with the aforementioned court order. *Id.*
- Numerous grievances regarding ventilation submitted by persons detained in division 11 document the defendants' willful noncompliance. *Id.* at 9.
- The air vents in Mr. Lela's division 11 cell were documented as having caked-on debris including "dust mite particles" and "dead human skin." *Id.*
- An authoritative article/treatise documents the need for keeping HVAC systems clean as a matter of regular maintenance to avoid harm to detained persons. *Id.* This is the same sort of harm that Mr. Lela contends he suffered. *Id.* at 10.
- The "longstanding and wilful non-compliance" with the aforementioned court order and state regulations warrants compensatory and punitive damages. *Id.* at 10.
- The amended report also cites and reemphasizes these same points as a basis for an award of punitive damages. Mr. Pancratz also repeats various opinions on this point from his original report. *Id.* at 10-13.

4

2.     **Motion to strike the original Rule 26(a)(2) disclosure**

The defendants ask the Court to strike Mr. Pancratz's original Rule 26(a)(2) disclosure because it does not contain a complete statement of his opinions, the bases for the opinions, or the evidence upon which Mr. Pancratz relied. The Court will bypass these objections because they are arguably resolved by the amended disclosure—setting aside for the moment the issue of the timeliness of the amended disclosure.

The key problem with the Rule 26(a)(2) disclosures is that, as the defendants argue, Mr. Pancratz "is not qualified to offer" opinions regarding the quality of ventilation at the jail; concealment by the defendants; or the appropriateness or amount of punitive damages. *See* Def.'s Mot. (dkt. no. 144) at 4-5 (right-hand column of spreadsheet).

Mr. Pancratz is a trial lawyer, and the Court assumes for purposes of discussion that he is an expert in *that*—in other words, in preparing and trying lawsuits. The Court also assumes that Mr. Pancratz has had experience litigating cases that at least touch upon some of the issues upon which he has opined in this case.

None of that, however, makes Mr. Poncratz an expert witness who is qualified to render testimony on these issues. By way of example, the fact that a personal injury plaintiff's or defense lawyer has handled and tried numerous cases involving knee injuries does not qualify the lawyer to testify as a causation expert in cases in which a party's conduct is claimed to have caused a knee injury. The simplest reason for this is that the lawyer in that hypothetical situation has not been trained in either general medicine or orthopedic injuries or surgery. His opinions come from his observation of how others have evaluated causation, not from any personal expertise or knowledge on his part.

5

The same is true here. There is nothing in Mr. Pancratz's background that provides him with any specialized knowledge that would allow him to testify regarding air quality, HVAC maintenance, or causation of injuries due to poor HVAC maintenance or poor air quality. Federal Rule of Evidence 702 requires the proponent of expert testimony to establish that "*the expert's scientific, technical, or other specialized knowledge* will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a) (emphasis added). Experience *litigating* matters in a particular field doesn't amount to specialized knowledge *about that field*, let alone knowledge that would entitle the lawyer to render, as a witness, opinions regarding the sufficiency of evidence on a particular point.

Mr. Pancratz's opinions regarding the defendants' compliance with applicable standards regarding ventilation, and his opinions regarding causation of injuries, are inadmissible for these reasons. He simply doesn't have relevant expertise on these points.

On the questions of the appropriateness and amount of punitive damages, Mr. Pancratz likewise lacks appropriate expertise to testify. A key problem with his opinions on this point is that they include conclusions regarding the defendants' intent (e.g., their claimed "willful" conduct or deliberate indifference). When it comes to assessing another person's intent, Mr. Pancratz has no greater expertise than an average juror. Thus his opinion doesn't come from "specialized knowledge," as required by Rule 702(a). And that aside, opinions that amount to reviewing the evidence and assessing a party's intent are inappropriate. *See, e.g., Fisher v. Ethicon, Inc.*, 624 F. Supp. 3d 972, 979 (C.D. Ill. 2022); *Blackmon v. City of Chicago*, No. 19 C 767, 2022 WL 3909182, at

6

*7 (N.D. Ill. Aug. 30, 2022). Likewise, on the question of the appropriate *amount* of any punitive damages award or whether it would cause undue hardship, Mr. Pancratz again has no specialized knowledge that differs from that of potential jurors. Mr. Pancratz's opinions on these points are inadmissible as well.

3. **The amended Rule 26(a)(2) disclosure**

The amended Rule 26(a)(2) disclosure provided by Mr. Lela regarding Mr. Pancratz was filed beyond the deadline the Court set, without prior leave of court or any justification for the late disclosure. The amended disclosure is inappropriate for that reason, without more.

But there is more. The amended disclosure, and the opinions it discloses, have the same sorts of deficiencies as the original disclosure. Mr. Pancratz simply lacks relevant expertise to testify regarding compliance with HVAC and ventilation requirements; the willfulness or deliberateness of the defendants' actions or inaction; causation of injury; the appropriateness of compensatory or punitive damages; or the amount of any compensatory or punitive damages award. No amount of amendment of the disclosures will cure these problems. In sum, Mr. Pancratz can't testify on the topics disclosed in the original or amended disclosures.

The Court expresses no view at this time regarding the admissibility into evidence of the underlying articles, treatises, and underlying documents upon which Mr. Pancratz relied, or upon their sufficiency to support Mr. Lela's claims in this case. The Court will address those points, as necessary, during the summary judgment process and/or at trial.

7

**Conclusion**

For the reasons stated above, the Court grants defendants' motion to strike plaintiff's Rule 26(a)(2) disclosures [144] and also, for the reasons described in this order, strikes his amended Rule 26(a)(2) disclosures. Mr. Pancratz is precluded as a witness in this case. Defendants' motion to strike the amended disclosures is terminated as moot [150]. The telephonic status hearing set for March 1, 2024 is vacated. The deadline for the defendants to file any dispositive motions is March 22, 2024. Defendants are reminded that because plaintiff is a *pro se* litigant, any motion for summary judgment must include a disclosure under Local Rule 56.2. The deadline for plaintiff to respond to any motion for summary judgment filed by defendants is April 19, 2024. The deadline for defendants to file a reply to the response is May 3, 2024. The parties should not expect extensions of these deadlines given the age of the case (over five years old at this point). The Court sets the case for a jury trial on September 9, 2024 at 9:15 a.m. A telephonic status hearing is set for May 21, 2024 at 8:45 a.m., using call-in number 888-684-8852, access code 746-1053. Defendants' counsel are directed to make arrangement for plaintiff to participate by telephone.

Date: February 20, 2024

_____
MATTHEW F. KENNELLY
United States District Judge