IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IOAN LELA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18 C 4058 |
| | ) | |
| THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Court granted summary judgment against plaintiff Ioan Lela on July 8, 2024 and dismissed his claims, which arise from his incarceration at the Cook County Jail. Mr. Lela, who is proceeding *pro se* in this case, has moved to vacate the judgment under Federal Rule of Civil Procedure 60(b). But before addressing that motion, the Court must address another motion Mr. Lela has filed, in which he asks to disqualify the undersigned judge under 28 U.S.C. § 144 and 28 U.S.C. § 455.

Section 144 states that if a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned" to decide the disqualification issue. 28 U.S.C. §144. Section 144 also requires, however, that a party's motion under that provision "shall be accompanied by a certificate of counsel of record stating that [the disqualification motion] is made in good faith." *Id.* Mr. Lela has not provided a certificate of counsel. For this reason, the section 144 motion is deficient on its face,

and thus assignment of a separate judge to decide the motion is not required. *See Watford v. LaFond*, 725 F. App'x 412, 414 (7th Cir. 2018).

The grounds for Mr. Lela's disqualification motion essentially boil down to the proposition that the Court committed gross error in various rulings in this case. That is almost never an appropriate basis for disqualification of a judge, *see Liteky v. United States*, 510 U.S. 540, 555 (1994); *Watford*, 725 F. App'x at 414; *Rolle v. Creedon*, No. 22-1720, 2023 WL 2185657, at *3 (Feb. 23, 2023), and it is not in this case. The Court's rulings are certainly subject to appeal by Mr. Lela, and it is clear that he vehemently disagrees with those rulings, but they do not provide a basis for disqualification of the undersigned judge. Rather, Mr. Lela's remedy is to appeal to a higher court. The Court therefore denies Mr. Lela's motion for disqualification.

Turning to Mr. Lela's motion under Rule 60(b) to vacate the judgment, the motion consists in its entirety of a repeat of arguments that Mr. Lela made in connection with the defendants' motion to strike his expert's report, the defendants' summary judgment motion, and various other matters. This is not a proper basis to seek reconsideration. *See, e.g., Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (a motion to reconsider "is not to be used to 'rehash' previously rejected arguments"); *O'Grady v. City of Portage*, Nos. 21-1529 & 21-1530, 2022 WL 205435, at *2 (7th Cir. Jan. 24, 2022). The Court overrules these arguments for the reasons it stated in its prior orders.

On one specific point, Mr. Lela takes great umbrage at the Court's determination that he did not comply with Local Rule 56.1. *See* Dkt. no. 187 ¶¶ 36-37. The most important point on that is this: the Court *expressly* "determined to overlook Lela's noncompliance with Local Rule 56.1 and . . . considered all the materials he has

2

referenced in opposing the defendants' motion . . . . ." Summary Judgment Decision at 2. So even if the Court erred regarding Local Rule 56.1 compliance, Mr. Lela was in no way harmed by that, because the Court considered *everything* he submitted.

In sum, Mr. Lela does not identify in his motion anything that he submitted in connection with the challenged rulings that the Court misunderstood or overlooked. Rather, he argues that the Court got it wrong. This is not a basis to ask this Court for a redo; rather it is a basis to appeal. Mr. Lela has offered no proper basis for reconsideration. The Court denies his motion to vacate the judgment.

## Conclusion

The Court denies plaintiff's motion for disqualification [185] and his motion for relief under Rule 60(b) [187] for the reasons stated in this order.

Date: August 2, 2024

_____
MATTHEW F. KENNELLY
United States District Judge

3